**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 21-cv-02141-CMA

RICHARD STINGLEY,

      Applicant,

v.

B. TRUE, Warden,

      Respondent.

---

**ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**

---

This matter is before the Court on Applicant Stingley Richard's amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("the Application") challenging the execution of his federal sentence. (*See* ECF No. 4). The Court issued an order directing Respondent to show cause why the Application should not be granted. (*See* ECF No. 16). Respondent filed a Response to Order to Show Cause (ECF No. 26), and Applicant filed a Reply (ECF No. 35). The matter is ready for resolution. Having considered the parties' filings, the Court denies the Application for the reasons discussed below.

**I. BACKGROUND**

Applicant is a federal prisoner in the custody of the Bureau of Prisons ("BOP"). He was incarcerated at the U.S. Penitentiary, Administrative Maximum, in Florence, Colorado when he initiated this action, but he recently has been transferred to the Federal Correctional Institution in Terre Haute, Indiana.

In this action, Applicant challenges the BOP's computation of his federal sentence, which involves two federal sentences imposed at different times by different courts for separate federal violations as well as a prison disciplinary conviction that is related to the second federal case. Applicant's claims specifically challenge the BOP's determination that Applicant's federal sentences are to run consecutively, and that Applicant's aggregated sentence commenced on the initial date of imposition. Applicant also challenges the BOP's calculation of credit for time spent in custody prior to the commencement of the sentence.

On July 6, 2007, Applicant was sentenced in the U.S. District Court for the Central District of Illinois, Case No. 4:06-cr-40099-JBM-JAG, to a 180-month term of imprisonment and three-year term of supervised release after pleading guilty to two counts of felon in possession of a firearm and possession of a sawed-off shotgun. (ECF No. 26-1 at 11-16). On November 4, 2010, an Amended Judgment was entered that reduced Applicant's term of imprisonment to 126 months (the "First Sentence"). (*Id.* at 18-23).

On May 23, 2013, while incarcerated at the U.S. Penitentiary in Coleman, Florida, Applicant was involved in a fight with his cellmate who later died from his injuries and other medical complications on June 22, 2013. (ECF No. 26-1 at 25). Following disciplinary proceedings, Applicant was found guilty of Assaulting, which was upgraded to Killing after his cellmate's death, and Applicant was sanctioned to the disallowance of 41 days of Good Conduct Time ("GCT"), forfeiture of 90 days of GCT, 90 days in Disciplinary Segregation, and one year loss of privileges. (*Id.* at 26; ECF No.

4 at 15).

On August 28, 2015, Applicant was charged with voluntary manslaughter in U.S. District Court for the Middle District of Florida, Case No. 5:15-cr-00043-WTH-PRL. He pled guilty and on January 21, 2016, he was sentenced to a 120-month term of imprisonment (the "Second Sentence"). (ECF No. 26-1 at 31-32). When Applicant was sentenced in Case No. 5:15-cr-00043-WTH-PRL, the BOP had calculated his projected release date to be November 5, 2016, as to the First Sentence. (*Id.* at 215; ECF No. 4 at 6). The Judgment indicated that Applicant's Second Sentence was "to be served concurrently with any undischarged term of imprisonment that the defendant is serving as a result of disciplinary proceedings resulting from the commission of this offense. As to any undischarged term of commitment that the defendant is serving unrelated to the commission of this offense, then this sentence will be consecutive to that." (ECF No. 26-1 at 32).

In accordance with 18 U.S.C. § 3584 and 18 U.S.C. § 3585, the BOP calculated Applicant's sentences as an aggregated sentence of 246 months' imprisonment based on 126 months for the First Sentence and 120 months for the Second Sentence to run consecutively from July 6, 2007, the date of imposition of the First Sentence. (*See* ECF No. 26-1 at 38). The BOP then applied a total of 294 days of prior custody credit to his sentence based on Applicant's presentencing custody from September 15, 2006, to July 5, 2007. (*Id.* at 38-39).

On July 26, 2017, the BOP sent a letter to the Hon. Wm. Terrell Hodges, Applicant's sentencing judge in the U.S. District Court for the Middle District of Florida.

(ECF No. 26-1 at 25-27). The BOP explained that it "is not possible for the Bureau to effectuate both a consecutive and a concurrent federal sentence in this instance" where the terms of imprisonment by the courts are "separate and distinct" from the sanctions imposed by the BOP pursuant to the Inmate Discipline Program. (*Id.*). The BOP further explained Applicant's foregoing sentence calculation—that the 120-month Second Sentence would run consecutive to the 126-month First Sentence and both terms of imprisonment would be aggregated into a single sentence of 246-months in prison, commencing on July 6, 2007, the date the First Sentence was imposed. (*Id.*). The BOP noted that "[i]f our actions do not comport with the Court's intent, we request that further direction be provided." (*Id.*). The BOP did not receive a response.

On November 20, 2018, Applicant filed a Motion to Reduce Sentence Pursuant to Federal Rule of Criminal Procedure 35(a). *See United States of America v. Stingley,* No. 5:15-cr-00043-WTH-PRL, ECF No. 21 (M.D. Fla. Nov. 20, 2018). He challenged the BOP's calculation of his federal sentences as consecutive instead of concurrent. (*Id.* at 2). The Motion was denied as untimely on February 15, 2019. *Id.,* ECF No. 22. On November 25, 2019, Applicant filed a Motion for Clarification of Sentence, again requesting that the court amend the sentence to clarify that the Second Sentence was to run concurrently with the First Sentence. *Id.,* ECF No. 23 at 2-3. The Motion also was denied on untimeliness grounds. *Id.,* ECF No. 24.

On November 18, 2019, the BOP recalculated Applicant's sentence to reflect updates to GCT in accordance with the First Step Act, 18 U.S.C. § 3634. (ECF No. 26-1 at 38-39). Based on these revisions, Applicant has a projected release date of April 24,

2025, which includes 692 days of earned and projected GCT in the absence of additional disciplinary infractions. (*Id.* at 39).

Proceeding *pro se,* Applicant initiated this action on August 6, 2021. (*See* ECF No. 1). In the amended Application filed on August 23, 2021, Applicant contends that the BOP is improperly "disregarding" the Second Sentence, which should run concurrent to the First Sentence and commence "from the time of disciplinary action" related to the fight that led to his manslaughter conviction. (*See* ECF No. 4 at 1-2). He requests a Court order "that forces the B.O.P. to comply with the # 15-CR-00043 (M.D. FL.) sentence" and asserts that he is entitled to be immediately released "[w]ith all time credited." (*Id.* at 4). In the Response to Order to Show Cause, Respondent argues that the BOP properly computed Applicant's sentences to run consecutively from the initial date of imposition and appropriately applied all available time credits. (ECF No. 26 at 1). Respondent also states that "if the Court finds the Judgment should be interpreted differently—specifically, to call for Applicant's second sentence to run concurrently—the matter be remanded to the BOP for a sentence recalculation consistent with that finding." (*Id.* at 20). In the Reply, Applicant states that he is "seeking a retroactive declaration of concurrent aggregation for the First and Second Sentences" and that his expected release date should have been calculated as December 15, 2019. (ECF No. 35).

## II. LEGAL STANDARDS

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional

function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). An application for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 challenges the execution of a state or federal sentence and is brought in the district where the Applicant is confined. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Although, Applicant is now housed in Indiana, he was incarcerated at a federal facility in Colorado at the time he initiated this § 2241 action. This Court, therefore, is the appropriate jurisdiction and venue in which to bring the § 2241 application. *See* 28 U.S.C. § 2241(a); *Howard v. U.S. Bureau of Prisons,* 487 F.3d 808, 811 (10th Cir. 2007) (explaining that § 2241 petition is properly filed in the district where the prisoner is confined at the time of the filing).

The Court must construe the Application and other papers filed by Applicant liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

## III. ANALYSIS

Applicant challenges the BOP's execution of his federal sentence. He primarily takes issue with the BOP's determination that he is subject to an aggregated sentence of 246 months' imprisonment, reflecting that the First Sentence (126 months) and the

Second Sentence (120 months) run consecutively and commence on July 6, 2007, the date of imposition of the First Sentence. Applicant contends that his Second Sentence should run concurrent to his First Sentence, and that it commenced "from the time of disciplinary action." Applicant further argues that the BOP's calculation of his projected release date is flawed.

### A. Sections 3584 and 3585

First, 18 U.S.C. § 3584 gives the federal sentencing court the power to impose a sentence that runs concurrently or consecutively to another sentence, including an undischarged term of imprisonment. The key statutory subsections of Section 3584 provide as follows:

(a) Imposition of concurrent or consecutive term. —If multiple terms of imprisonment are imposed on a defendant at the same time, or *if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively*, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.*

(b) Factors to be considered in imposing concurrent or consecutive terms. — The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).

(c) Treatment of multiple sentence as an aggregate. —Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

18 U.S.C. § 3584 (emphasis added).

Thus, a federal district court has discretion under § 3584(a) to run a defendant's federal sentence either concurrently with or consecutively to the undischarged term of the defendant's earlier sentence. 18 U.S.C. § 3584(a); *see e.g., United States v. Candelas*, 411 F. App'x. 190, 194 (10th Cir. 2011) (unpublished) (recognizing federal district court's discretion to impose federal sentence that runs consecutively or concurrently to an undischarged state sentence). Where—as here—"a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment," those terms generally "may run concurrently or consecutively." *Id.* § 3584(a). However, if the terms are "imposed at different times," they presumptively "run consecutively *unless* the court orders that the terms are to run concurrently." *Id.* (emphasis added). In addition, multiple terms of imprisonment "shall be treated for administrative purposes as a single, aggregate term of imprisonment." *Id.* § 3584(c). *See also Warnick v. Booher*, 425 F.3d 842, 849 (10th Cir. 2005) ("Federal statutes have provided that consecutive sentences are to be treated for sentence-administration purposes as a single sentence.").

Second, 18 U.S.C. § 3585 governs the BOP's computation of a federal prison sentence which requires consideration of two separate issues. The BOP first determines the commencement date of the federal sentence and then turns to the extent to which a defendant can receive credit for time spent in custody prior to commencement of the sentence. *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006) (citing *Weekes v. Fleming*, 301 F.3d 1175, 1179 (10th Cir. 2002)).

Section 3585 provides:

(a) Commencement of sentence. —A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody. —A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

> (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585. Thus, commencement of a federal sentence is governed by § 3585(a) and prior custody credit is governed by § 3585(b). *See Binford*, 436 F.3d at 1255. The Attorney General, through the BOP, is responsible for making the sentence calculations prescribed by Section 3585." *Solis v. Stancil*, No. 18-cv-02842-DDD, 2020 WL 1676765, at *7 (D. Colo. Apr. 6, 2020) (citing *United States v. Wilson*, 503 U.S. 329, 334 (1992)).

## B. Concurrent or Consecutive Sentences

The central issue is whether Applicant's First and Second Sentences are to run concurrently or consecutively. As set forth above, sentences imposed at different times presumptively run consecutively unless the court orders that the terms run concurrently. 18 U.S.C. § 3584(a). *See also Jones v. Joslin,* 635 F.3d 673, 674075 (5th Cir. 2011) ("Both 18 U.S.C. § 3584(a) and our cases recognize a strong presumption that

separately imposed sentences are to run consecutively, and they place the onus on the district court to specifically order when it wishes to depart from this default rule.").

Applicant contends that the sentencing judge ordered his Second Sentence to run concurrent to his First Sentence because the Judgment provided that the Second Sentence was "to be served concurrently with any undischarged term of imprisonment that the defendant is serving as a result of disciplinary proceedings resulting from the commission of this offense." (ECF No. 26-1 at 32). Applicant also relies upon dialogue between the judge and his defense counsel during sentencing to support his position. (ECF No. 4 at 5-6). Specifically, defense counsel asked that "to the extent that Mr. Stingley is still serving any sentence prior to his, can we run the sentence now imposed concurrent with that sentence?" (*Id.*). Counsel further explained that Applicant's projected release date in connection with the First Sentence was impacted by Applicant's loss of good time through the BOP's Inmate Discipline Program due to the fight with his cellmate on May 23, 2013. (*Id.* at 6). The United States took "no position" on the issue. (*Id.*). After this discussion, the sentencing judge orally announced that "I'll provide that the sentence imposed here today may be served concurrently with any undischarged term of imprisonment that the defendant is serving as a result of disciplinary proceeding resulting from the commission of this offense. If the - - if the sentence - - if there is some undischarged term of commitment that the defendant is serving unrelated to the commission of this offense, then this sentence will be consecutive to that." (*Id.* at 6-7). This language was incorporated into the Judgment. (ECF No. 26-1 at 32).

This Court does not agree with Applicant that the exchange that occurred during sentencing supports his interpretation that the sentencing court intended the Second Sentence to run concurrent to the First Sentence. The judge in the underlying case clearly stated that the sentence he imposed "will be consecutive" to the "undischarged term of commitment that the defendant is serving unrelated to the commission of this offense."  The Court finds that the BOP's interpretation—that Applicant's separate and unrelated sentences imposed at different times were to run consecutive to each other— is not unreasonable. In fact, that is exactly how this Court interprets the language used by the sentencing judge, and the second sentence of the Judgment confirms that the Second Sentence should run consecutive "[a]s to any undischarged term of commitment that the defendant is serving **unrelated** to the commission of this offense." (ECF No. 26-1 at 32, emphasis added). When Applicant had the altercation with his cellmate that resulted in the disciplinary action of killing and the voluntary manslaughter conviction in federal court, Applicant was serving a prison term for his conviction of being a felon in possession of a firearm and a sawed-off shotgun, i.e., the undischarged prison term Applicant was serving was unrelated to the commission of the new offense. The Court concludes that the BOP's interpretation that Applicant's Second Sentence for manslaughter runs consecutive to his First Sentence for possession of firearms is correct.[1]

---

[1] This conclusion is also supported by the fact that the sentencing judge denied both of Applicant's requests to amend or correct his sentence to reflect concurrent sentences rather than consecutive sentences. (ECF No. 26-1 at 44-46).

Applicant has failed to demonstrate that the BOP's computation of consecutive sentences was an unlawful exercise of the BOP's executive authority to administer his federal sentence.

### C. Commencement of Federal Sentence

After determining that Applicant's First and Second Sentences were consecutive, the BOP ran an aggregated 246-month sentence from the initial date of imposition of the First Sentence on July 6, 2007. Applicant disagrees with this computation and believes the Second Sentence should run "from the time of disciplinary action" in connection with the right on May 23, 2013.

The commencement date of a prisoner's sentence is governed by two statutory provisions: (1) 18 U.S.C. § 3584(c), which provides that multiple terms of imprisonment "shall be treated for administrative purposes as a single, aggregate term of imprisonment; and (2) 18 U.S.C.  § 3585(a), which provides that a sentence begins "on the date the defendant is received in custody awaiting transportation to, or arrive voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."

Applicant fails to identify any statutory provision that would permit the BOP to run his Second Sentence from May 23, 2013, or from any date based on disciplinary action taken by the BOP. The BOP Inmate Discipline Program is an administrative program that permits the BOP to impose sanctions, such as the loss of GCT, on an inmate who commits a prohibited act. It is entirely distinct from the federal sentence an inmate is

serving. As such, the Court finds that the BOP properly determined Applicant's commencement date for his 246-month aggregated sentence.

### D. Prior Custody Credit

The final issue that Applicant apparently disputes is whether he is entitled to additional credit against his federal sentence for time spent in custody prior to the commencement of his sentence under § 3585(b).

Respondent explains that Applicant's sentence was credited with 294 days of prior custody credit based on jail time from September 15, 2006, to July 5, 2007, prior to the imposition of the First Sentence. (ECF No. 26-1 at 39). Applicant does not dispute this calculation.

To the extent Applicant desires to have his imprisonment from May 23, 2013 (the date of the fight with his cellmate) until January 21, 2016 (the date the Second Sentence was imposed) treated as prior custody credit, that approach is not permitted under § 3585(b). The Court agrees with Respondent that this period of time already has been credited toward Applicant's term of imprisonment for his First Sentence, which was not discharged prior to the imposition of his Second Sentence. Section 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

"Congress made clear [in enacting § 3585(b)] that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992).

Here, neither subsection (1) nor subsection (2) apply to the circumstances of this case. And it would be an impermissible double credit if Applicant's time served on his First Sentence after the May 23, 2013 fight until the imposition of the Second Sentence on January 21, 2016 was credited toward his Second Sentence because that period of time already was accounted for on his First Sentence. *See Zaring v. Davis*, 426 F. App'x 644 (10th Cir. 2011) (unpublished) ("Section 3585(b) is clear. If one sentence is reduced by a pre-trial detention credit, the credit cannot be applied against another sentence."). Thus, the Court also finds that the BOP correctly evaluated Applicant's custody credit.

## IV. CONCLUSION

In summary, the Court finds that the BOP's computation of Applicant's federal sentence is correct and does not violate his constitutional rights. For the foregoing reasons, it is

ORDERED that the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 4) is DENIED WITH PREJUDICE and this action is DISMISSED. It is

14

FURTHER ORDRED FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED April 15, 2022.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge